UNITED STATES DISTRICT COURT　　　NOT FOR PRINT OR ELECTRONIC PUBLICATION
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PAUL ORTIZ,

      Petitioner,　　　　　**MEMORANDUM AND ORDER**

 -against-　　　　　　　　　　　　　　　　09-CV-2631 (RJD)

WARDEN,

      Respondent.
-------------------------------------------------------x
DEARIE, Chief Judge:

  Petitioner Paul Ortiz brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's request to proceed *in forma pauperis* is granted. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred. This Court's Order to Show Cause, filed on July 2, 2009,[1] is hereby vacated.

**Background**

  On August 1, 1996, petitioner was convicted of robbery and assault and sentenced to an indeterminate term of 12 years to life imprisonment, following a trial by jury in New York Supreme Court, Kings County. He appealed his conviction to the New York Supreme Court, Appellate Division, Second Department, which affirmed the conviction on January 12, 1998. People v. Ortiz, 666 N.Y.S.2d 929 (App. Div. 1998). His application for leave to appeal to the New York Court of Appeals was denied on March 2, 1998. People v. Ortiz, 694 N.E.2d 892, 91 N.Y.2d 944 (1998). Petitioner did not appeal to the United States Supreme Court.

  Petitioner also filed two post-conviction motions in New York state court. He first filed a petition for a writ of error coram nobis, which the Appellate Division denied on March 6, 2000.

---

[1] This Court's order, filed on July 2, 2009, was misdated July 2, 2008.

People v. Ortiz, 704 N.Y.S.2d 851 (2000). The Court of Appeals dismissed his application for leave to appeal on April 14, 2000. People v. Ortiz, 731 N.E.2d 625, 94 N.Y.2d 951 (2000). Petitioner also filed a motion for re-argument of his initial appeal that had been denied on January 12, 1998. The Appellate Division denied the motion by order dated January 29, 2009. People v. Ortiz, slip op., Ind. No. 12430/95 (Jan. 29, 2009) (see Pet., Exhibit 1). The Court of Appeals dismissed the application for a certificate to appeal on April 7, 2009. People v. Ortiz, slip op., Ind. No. 12430/95 (Apr. 7, 2009) (see Pet., Exhibit 2).

The Court received the instant Petition on June 15, 2009. Petitioner alleges that he has found newly discovered evidence relevant to his criminal trial, although he does not identify this evidence. Much of the petition is illegible, but it does include a reference to a "911 police communication tape."

## Discussion

### I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

2

> recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (per curiam), cert. denied, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000). See also Day v. McDonough, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). However,

3

"unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) and Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

II. Application of the Law to this Case

The facts alleged in the petition suggest that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may be time-barred. The New York Court of Appeals denied leave to appeal the conviction on March 2, 1998. Accordingly, the judgment became final on June 1, 1998,[2] when the time for seeking further review expired. If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had until June 1, 1999 to file his petition.

Petitioner does not indicate whether he filed his first state-court post-conviction motion prior to the expiration of the limitations period on June 1, 1999, and thus whether it is subject to statutory tolling. Even if some of the limitations period was tolled while the first post-conviction motion was pending, the period would continue to run after the first motion was finally decided on April 14, 2000. Petitioner does not indicate when he filed the second post-conviction motion or any other action that may have tolled the limitations period between April 14, 2000 and January 29, 2009, when the Appellate Division denied his second post-conviction motion.

Petitioner asserts that he has found newly discovered evidence, which may permit the application of 28 U.S.C. § 2244(d)(1)(D). However, he has not indicated the nature of this

---

[2] The 90 days expired on May 31, 1998, which was a Sunday. Accordingly, petitioner had until the following business day to file any certificate of appeal.

4

evidence, or when it could have been discovered by the exercise of due diligence.

## Conclusion

From the record presented in the petition, the petition appears to be time-barred by the AEDPA statute of limitations. The Court needs additional information in order to determine whether statutory or equitable tolling might apply or whether the petition may be subject to the application of 28 U.S.C. § 2244(d)(1)(D). See Day, 547 U.S. at 209-10; Acosta, 221 F.3d at 125. Accordingly, petitioner is directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[3] He must state the dates on which he submitted his post-conviction motions to state court. If he believes that 28 U.S.C. § 2244(d)(1)(D) applies to this case or if he seeks equitable tolling of the statute of limitations, he shall present the facts to the Court in his affirmation and shall append to his affirmation documentary evidence, if available, supporting his allegations. No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

This Court's Order to Show Cause, filed on July 2, 2009, is VACATED.

SO ORDERED.

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
July 7, 2009

---

[3] An affirmation form is attached to this Order for petitioner's convenience.

5